UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DENNIS N. HIATT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:21-cv-00273-SLC |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, *sued as Kilolo Kijakazi, Commissioner of Social Security*, | ) ) ) ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Dennis N. Hiatt brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (ECF 1). On February 22, 2022, the Court reversed the Commissioner's denial of benefits and remanded the case for further proceedings. (ECF 21, 22).

Hiatt's attorneys, Randal Forbes and Jason Rodman via their law firm Forbes Rodman P.C. ("Counsel"), now move pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $19,227.25, less an offset for $3,043 in fees previously collected, resulting in a "net" award of $16,184.25 for Counsel's representation of Hiatt in federal court. (ECF 26). The Commissioner does not oppose Counsel's fee request. (ECF 28). For the following reasons, the motion for attorney fees will be GRANTED.

### A. Factual and Procedural Background

On June 9, 2021, Counsel entered into a fee agreement with Hiatt for its representation of Hiatt in federal court, in which Hiatt agreed to pay Counsel 25 percent of any past-due benefits awarded to him. (ECF 26-1).[1]

On July 19, 2021, Hiatt filed the instant action with this Court, appealing the Commissioner's denial of his application for disability benefits. (ECF 1). As stated earlier, the Court entered a judgment in Hiatt's favor and remanded the case to the Commissioner on February 22, 2022. (ECF 21, 22).

On March 23, 2022, Hiatt filed a request for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $8,923.50, seeking payment for Counsel's 39.3 hours (plus 0.9 hours of legal assistant time) spent advocating for Hiatt's claim in federal court. (ECF 23, 23-3). On April 6, 2022, the Commissioner filed a joint stipulation to an award of EAJA fees in the amount of $8,600. (ECF 24). The Court subsequently granted Hiatt's motion for EAJA fees, as modified by the parties' stipulation. (ECF 25). Of the EAJA award, $5,557 was applied to an outstanding debt Hiatt owed to the United States, and thus, Counsel only received $3,043. (ECF 26 ¶ 5; ECF 26-5).

On March 8, 2023, the Commissioner sent a notice of award to Hiatt, informing that he was entitled to monthly disability benefits beginning November 2014 and that the Commissioner withheld $19,227.25, 25 percent of Hiatt's past-due benefits, to pay his attorneys. (ECF 26 ¶¶ 7, 8; ECF 26-9 at 1-4).[2]

---

[1] The most common fee arrangement between attorneys and social security claimants is the contingent fee agreement. *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

[2] Thus, the total past-due benefits is $76,909 ($19,227.25 x 4).

On March 15, 2023, Counsel filed the instant motion pursuant to § 406(b), together with supporting documents, seeking the Court's approval of a "net" award of $16,184.25 in attorney fees and legal assistant fees before this Court. (*See* ECF 26, 26-1 to 26-9).

### B. Legal Standard

Fees for representing Social Security claimants, both administratively and in federal court, are governed by 42 U.S.C. § 406. *Gisbrecht*, 535 U.S. at 793-94. Section 406(a) controls fees for representation in administrative proceedings, and § 406(b) controls attorney fees for representation in court. *Id*. Unlike fees obtained under the EAJA, the fees awarded under § 406 are charged against the claimant, not the government. *Id*. at 796.[3]

Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for his or her representation at the administrative level. *Id.* at 794-95; 20 C.F.R. §§ 404.1725(a), 416.1525(a).[4] Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795.[5] This 25 percent cap applies only to fees for court representation and not to the aggregate fees awarded under §§ 406(a) and (b). *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019). "[A] petition for fees under § 406(b)(1) must be brought within a reasonable time." *Smith v. Bowen*, 815 F.2d 1152, 1156 (7th Cir. 1987).

---

[3] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when the government's position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

[4] There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a). *Gisbrecht*, 535 U.S. at 795.

[5] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Gisbrecht*, 535 U.S. at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

Section § 406(b) has been harmonized with the EAJA. *Gisbrecht*, 535 U.S. at 796. Although fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee that the attorney received, as an EAJA award "offsets" an award under § 406(b). *Id.*

Unlike the award by the Commissioner under § 406(a), the Court is required under § 406(b) to review for reasonableness the attorney fees yielded by contingent fee agreements. *Id.* at 808-09. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.
> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved.

*Id.* at 807-08 (citations and footnotes omitted).

### *C. Analysis*

The Court is charged with determining whether Counsel's requested fee (prior to subtracting the EAJA award) of $19,227.25 under the fee agreement and § 406(b) is "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits . . . ." 42 U.S.C. § 406(b)(1)(A). Here, the Commissioner agrees that the requested fee does not exceed 25% of Hiatt's past-due benefits. (ECF 28).

Counsel contends that the requested fee award of $19,227.25 is reasonable for the 39.3 attorney hours spent representing Hiatt in federal court. (ECF 26 ¶ 4).[6] It is obvious that Counsel

---

[6] Counsel also states that 18.8 hours were expanded in procuring a reversal and remand in a prior related civil action with the same plaintiff. (ECF 26 ¶ 4; *see* 3:19-cv-00182-JD)). In that case, the Court reversed and remanded the Commissioner's denial of benefits, which resulted in a finding of disability by the Commissioner. (ECF 26 ¶ 4; *see* ECF 26-8). Counsel filed a motion for fees under the EAJA and was granted a fee award of $4,192. (ECF 26 at 2 n.1; ECF 26-6). However, the entire award was applied to an outstanding debt Hiatt owed to the United States. (ECF

4

obtained a good result for Hiatt, as the Commissioner ultimately found him disabled and awarded him disability benefits. *See Gisbrecht*, 535 U.S. at 808 (acknowledging that courts consider in § 406(b) fee requests the character of the representation and the results the representative achieved). Nor did Counsel contribute to any significant delay of this case in doing so, as it requested just one thirty-day extension during the briefing process. (ECF 17); *see Gisbrecht*, 535 U.S. at 808 (considering any extensions requested by the attorney in an effort to assess whether the attorney created an unreasonable delay that would contribute to the attorney's profit from the accumulation of the claimant's past benefits); *Lopes v. Saul*, No. 3:17-CV-221-RLM-MGG, 2019 WL 5617044, at *1 (N.D. Ind. Oct. 31, 2019) (considering that "[n]othing in the record suggests [the plaintiff's counsel] or his co-counsel . . . caused any delay in the adjudication of [the plaintiff's] case" when granting a motion for § 406(b) fees).

  The risk of loss the attorney assumes in representing the plaintiff is another factor some courts consider when assessing the reasonableness of the requested fee. "[T]here is a great risk of loss in social security disability appeals at the district court level because a substantial evidence standard of review governs rather than a de novo standard. The risk of loss is also greater in social security cases because there are no settlements." *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002); *see Crawford v. Astrue*, 586 F.3d 1142, 1152 (9th Cir. 2009) ("The attorneys assumed significant risk in accepting these [Social Security] cases, including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases." (footnote omitted)).

---

26 at 2 n.1; ECF 26-7). Although the Commissioner found that Hiatt was disabled as of November 2014 (ECF 26-9 at 1), the Court will not take into account the hours expended in the prior related case, given that no motion for award of 406(b) fees was filed in that case.

Further, Counsel's requested fee of $19,227.25 divided by the 39.3 hours it spent on the case in federal court equates to an effective rate of approximately $489 per hour. (*See* ECF 26 ¶¶ 4, 12). This effective rate is well within the range of previous awards approved by this Court. *See, e.g.*, *Toth v. Saul*, No. 1:17-cv-00516-SLC, 2020 WL 6441313, at *3 (N.D. Ind. Nov. 3, 2020) (awarding fee equating to $330 per hour); *Pence v. Saul,* No. 1:17-cv-00090-SLC, 2020 WL 1673031, at *3 (N.D. Ind. Apr. 6, 2020) (awarding fee equating to $554 per hour); *Clore v. Saul*, No. 1:17-cv-00026-SLC, 2020 WL 1673030, at *3 (N.D. Ind. Apr. 6, 2020) (awarding fee equating to $550 per hour).

Accordingly, the Court will grant Counsel's motion and authorize a § 406(b) fee award of $19,227.25, less the $3,043 in EAJA fees previously received, for a net award of $16,184.25. *See Gisbrecht*, 535 U.S. at 796; *see also O'Donnell v. Saul*, 983 F.3d 950, 957 (7th Cir. 2020) (stating that while not favored, "the netting method is permissible" with respect to payment of § 406(b) fees).

### D. Conclusion

For the foregoing reasons, Counsel's motion for attorney fees pursuant to 42 U.S.C. § 406(b) (ECF 26) is GRANTED in the amount of $19,227.25, less $3,043 in EAJA fees previously received, for a net award of $16,184.25. The Commissioner shall pay Counsel $16,184.25 out of the award of past-due benefits and release any remaining withheld past-due benefits to Hiatt.

SO ORDERED.

Entered this 24th day of May 2023.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge